IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JOSE       CARLOS       OLIVEIRA-
COUTINHO,

                Petitioner,

     vs.

SCOTT FRAKES, NDCS Director;

                Respondent.

**8:19CV491**

**MEMORANDUM AND ORDER**

This matter is before the court on preliminary review of Petitioner Jose Carlos Oliveira-Coutinho's Petition for Writ of Habeas Corpus (filing 1) brought pursuant to 28 U.S.C. § 2254. The purpose of this review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. Condensed and summarized for clarity, Petitioner's claims are:

Claim One:          Petitioner's due process rights were violated because the trial court erred in not granting his *Batson* challenge.

Claim Two:          Petitioner's Fourth Amendment right to be free from unreasonable searches and seizures was violated because the trial court erred in denying Petitioner's motion to suppress his stop, search, and detention.

Claim Three:        Petitioner's rights under the Fifth and Sixth Amendments were violated because the trial court erred in denying Petitioner's motion to dismiss due to the deportation of witnesses Ricardo Gonzalez-Mendez and Lourenco Batista.

Claim Four:    Petitioner's Sixth Amendment right to confrontation was violated because the trial court erred in denying Petitioner's motion for advance ruling and motion to reconsider regarding the scope of Petitioner's cross-examination of Goncalves and presentation of rebuttal testimony by Diaz.

Claim Five:    The trial court erred in overruling Petitioner's motion in limine and allowing the State's handwriting expert to testify in violation of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

Claim Six:    Petitioner's Sixth Amendment right to a fair trial was violated because the trial court erred in refusing to allow Petitioner to present alibi and exculpatory evidence.

Claim Seven:    Petitioner's Sixth Amendment right to a fair trial was violated because the trial court erred in refusing to allow Petitioner to present reenactment evidence.

Claim Eight:    Petitioner received ineffective assistance of counsel in violation of the Sixth Amendment because counsel (1) failed to challenge Valdeir Goncalves-Santos' competency to testify at trial and failed to raise the issue on appeal[1]; (2) failed to raise any issue regarding the State's violation of Petitioner's Fifth, Sixth, and Fourteenth Amendment rights regarding the appointment

---

[1] This claim includes all of Petitioner's allegations set forth in numbered paragraphs 1, 2, and 3 of Ground Eight in the petition. (Filing 1 at CM/ECF p. 26.)

2

of Matthew Richard Kahler[2]; (3) failed to object to the trial court's preliminary instruction No. 1; (4) failed to request that the trial court instruct the jury on the lesser-included offense of accessory to a felony after the fact; (5) failed to assign and argue that the Petitioner's stop, search, and detention violated the Fifth Amendment; (6) failed to assign and argue that the trial court erred in not sequestering the jury; (7) failed to object to jury instruction No. 3 section I.A. on aiding and abetting felony murder; (8) failed to assign and argue that the trial court erred in giving an improper first degree murder instruction; (9) failed to assign and argue that the trial court erred when it accepted an erroneous verdict; (10) failed to challenge the sufficiency of the evidence to support the conviction; (11) failed to propose an elements verdict; (12) failed to advise Petitioner about the aiding and abetting elements; (13) failed to challenge the constitutionality of Neb. Rev. Stat. § 28-206; (14) failed to file a motion for absolute discharge; (15) failed to assign and argue that the trial court's interpretation of Neb. Rev. Stat. § 27-1101 was unconstitutional and erroneous; (16) failed to object to the testimony of Patricia Barbosa Dos-Santos; (17) failed to assign and argue prosecutorial misconduct by vouching for the credibility of Goncalves-Santos; (18) failed to object to hearsay testimony of Marlene Novotny, Heather Barbosa, and Eduardo Barbosa[3]; (19) failed to assign and argue the State's misconduct in withholding exculpatory

---

[2] This claim includes all of Petitioner's allegations set forth in numbered paragraphs 4, 5, 6, and 7 of Ground Eight in the petition. (*Id*. at CM/ECF pp. 26–27.)

[3] This claim includes Petitioner's allegations set forth in numbered paragraphs 23, 24, and 25 of Ground Eight in the petition. (*Id*. at CM/ECF p. 28.)

documents; (20) failed to investigate Petitioner's alternate alibi defense and/or evidence including cell phone records[4]; (21) failed to depose Tom Weidenfeller and have him view a photo lineup[5]; (22) failed to request a continuance; (23) failed to move for a mistrial; (24) failed to assign and argue that the trial court erred when it overruled counsel's motion for mistrial due to a court outburst; (25) failed to request or propose a limited instruction; (26) failed to assign and argue that the trial court erred when it overruled counsel's objection to Exhibit 913 and admitted Exhibits 566 through 573[6]; (27) failed to assign and argue that the trial court erred when it refused to give a jury instruction of testimony under a plea bargain; and (28) failed to assign and argue that the trial court erred when it refused to instruct the jury on Petitioner's mere presence.

Claim Nine:   The State's actions and intrusion into the attorney-client relationship with respect to Matthew Richard Kahler's representation of Petitioner during his police interview constituted a per se violation of Petitioner's Fifth, Sixth, and Fourteenth Amendment rights even if the State did not use any of Petitioner's statements at trial.[7]

---

[4] This claim includes Petitioner's allegations set forth in numbered paragraphs 27 and 30 of Ground Eight in the petition. (*Id*. at CM/ECF pp. 28–29.)

[5] This claim includes Petitioner's allegations set forth in numbered paragraphs 28 and 29 of Ground Eight in the petition. (*Id*. at CM/ECF p. 28.)

[6] This claim includes Petitioner's allegations set forth in numbered paragraphs 35 and 36 of Ground Eight in the petition. (*Id*. at CM/ECF p. 29.)

[7] This claim includes both Grounds Nine and Ten of the petition. (*Id*. at CM/ECF pp. 30–33.)

The court determines that these claims, when liberally construed, are potentially cognizable in federal court. However, the court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

Petitioner also requests the appointment of counsel. (Filing 2.) "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). The court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time. Petitioner's motion is denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1.     Upon initial review of the habeas corpus petition (filing 1), the court preliminarily determines that Petitioner's claims, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court.

2.     By **October 15, 2020**, Respondent must file a motion for summary judgment or state court records in support of an answer. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **October 15, 2020**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

3.     If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

A.     The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

B.     The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

C.     Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's motion and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.     No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the court.

E.   No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F.   If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

4.   If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

A.   By **October 15, 2020**, Respondent must file all state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

B.   No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust

7

state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts.*

C.  Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.  No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the court.

E.  No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F.  The clerk of the court is directed to set a pro se case management deadline in this case using the following text:

8

**November 16, 2020**: check for Respondent's answer and separate brief.

5.      No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Dated this 31st day of August, 2020.

BY THE COURT:

Richard G. Kopf
Senior United States District Judge