IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSE CARLOS OLIVEIRA-COUTINHO,<br><br>               Petitioner,<br><br>    vs.<br><br>SCOTT FRAKES, NDCS Director;<br><br>               Respondent. | **8:19CV491**<br><br>**MEMORANDUM AND ORDER** |

This matter is before me on Petitioner's "Request for Appointment of Counsel or Alternatively Extend Time." (Filing 17.)

Petitioner requests that counsel be appointed to represent him in these habeas proceedings. Petitioner represents that he "was born and raised in Brazil, [and] only read write and understand Portuguese."[1] (*Id*. at CM/ECF p. 1.) Petitioner states he was able to file his habeas petition "because the inmate that is helping him wrote it" and that inmate is also helping other inmates with approaching court deadlines. (*Id*.) Petitioner intends to serve a brief in response to Respondent's Answer but states "he cannot do so unless he either get an attorney appointed" or, alternatively, a 120-day extension. (*Id*. at CM/ECF p. 2.)

"[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial

---

[1] This is not entirely accurate as I am aware from previous litigation involving Petitioner that he is able to communicate with others in the Spanish language and has received assistance from Spanish-speaking legal aides at the Tecumseh State Correctional Institution. *See Oliveira-Coutinho v. Frakes*, No. 4:15CV3159, 2018 WL 10705070 (D. Neb. Apr. 5, 2018), aff'd, 773 F. App'x 859 (8th Cir. 2019) (Filing 89, granting Defendants' motion for summary judgment based on qualified immunity because Defendants' did not violate Oliveira-Coutinho's constitutional right to access the courts).

court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted).

I denied Petitioner's previous request for appointment of counsel without prejudice to reassertion (*see* filing 11), and I will also deny the present motion. Again, I have carefully reviewed the record and find there is no need for the appointment of counsel at this time. Petitioner's motion is denied without prejudice to reassertion.

Petitioner seeks an additional 120 days in which to respond to Respondent's Answer and Brief in Support. Upon consideration, Petitioner's motion is granted, and he shall have until April 15, 2021, to file a brief in response. Given the length of the extension, **no further extensions shall be granted absent exceptional circumstances**.

IT IS THEREFORE ORDERED that:

1. Petitioner's "Request for Appointment of Counsel or Alternatively Extend Time" (filing 17) is granted in part, and denied in part, as follows:

    a. Petitioner's motion for extension of time is granted. Petitioner shall have until **April 15, 2021**, to file a brief in response to Respondent's Answer and Brief in Support. **No further extensions shall be granted absent exceptional circumstances.**

      b.    Petitioner's request for the appointment of counsel is denied without prejudice to reassertion.

2. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **April 15, 2021**: check for Petitioner's brief in response to Respondent's answer and brief.

Dated this 16th day of December, 2020.

BY THE COURT:

Richard G. Kopf
Senior United States District Judge