IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSE CARLOS OLIVEIRA-COUTINHO,<br><br>Petitioner,<br><br>vs.<br><br>SCOTT FRAKES, NDCS Director;<br><br>Respondent. | 8:19CV491<br><br>MEMORANDUM AND ORDER |

    This matter is before the court on Petitioner's Fourth Motion for Extension of Time. (Filing 23.) As the motion indicates, this is Petitioner's fourth request for an extension of time to file his brief in response to Respondent's Answer (filing 15) and Brief (filing 16), which were filed on November 13, 2020. (*See* Filings 17, 19, & 21.)

    In Petitioner's previous request for a 120-day extension, the reasons he gave in support of his requests suggested to the court that he merely needed more time to complete briefing on the final two claims in his petition and, in particular, Claim Eight, with 28 subparts. (*See* Filing 21.) Given those representations, the court granted Petitioner until December 13, 2021, to file his brief. (Filing 22.) Now, Petitioner asks the court for an additional 60 days to prepare his brief based mainly on "emergency understaffed conditions" which began on October 18, 2021, and which cause inmates to be locked in their cells three days a week. (Filing 23 at CM/ECF p. 2.) Petitioner states the understaffed conditions "adversely impact how much time the inmate that is doing [his] legal work and [Petitioner] get to work on [his] brief" and that the inmates assisting him do not make Petitioner's case a "priority after three weekly days of being on lockdown." (*Id*.) Petitioner also reiterates that he is "English illeterate [sic]" and indigent. (*Id*. at CM/ECF p. 1.)

Respondent has filed an Objection to Petitioner's motion and argues that Petitioner has not shown exceptional circumstances that would warrant any further extensions of his brief deadline. (Filing 24.) I find the reasons cited in support of Respondent's argument persuasive. As Respondent points out, Petitioner has had a year to finish his brief in response to Respondent's Answer and Brief in Support, and Petitioner was able to file each of his state court filings in less time than he has now requested to file his brief in this matter.[1] The lockdown alleged by Petitioner did not occur until a little over a month ago, so Petitioner has had over two full months in addition to the four days a week since October when not in lockdown to finish Claim Eight. The court previously acknowledged that Petitioner faces challenges in receiving assistance with his legal work, but Petitioner's limited access to the inmate assisting him is not a new development and it was incumbent on Petitioner to plan accordingly to meet his briefing deadline. This is particularly so given the state court records indicating that Petitioner is not entirely English illiterate. (*See* Filing 14-8 at CM/ECF pp. 44-45; Filing 14-10 at CM/ECF p. 91.) The state court records before the court also demonstrate Petitioner's familiarity with his habeas claims through his state postconviction proceedings. Given these circumstances, I agree with Respondent and find that Petitioner has failed to demonstrate exceptional circumstances warranting an extension of his brief due date.

Because Petitioner has had a year to prepare his brief and has failed to demonstrate exceptional cause for further extensions, I will deny Petitioner's request for a 60-day extension of time. Accounting for the time between the filing of Petitioner's motion and the date of my ruling, I will give Petitioner until **December 20, 2021**, to file his brief in response to Respondent's Answer and Brief. **Absolutely no extensions will be granted beyond the December 20, 2021**

---

[1] The direct appeal opinion was released on July 10, 2015. (Filing 14-1.) Petitioner filed a pro se motion for postconviction relief on June 27, 2016. (*See* Filing 14-2 at CM/ECF p. 4.) With the court's permission, Petitioner filed an amended pro se motion on June 26, 2017. (*Id.*) The state district court overruled the amended motion on November 14, 2017. (*Id.*) On November 14, 2018, on appeal from that order, Petitioner filed his pro se brief in the Nebraska Supreme Court. (Filing 14-7.)

**deadline.** Thus, Petitioner is admonished not to request any further extensions and to submit his brief by December 20, 2021. If Petitioner fails to submit a response by December 20, 2021, then Respondent shall file a notice of case submission within 7 days thereafter informing the court that the merits of the petition are fully submitted for decision.

IT IS THEREFORE ORDERED that:

1. Petitioner's Fourth Motion for Extension of Time (filing 23) is denied. Petitioner shall have until **December 20, 2021**, to file and serve a brief in response to Respondent's Answer and Brief in Support. **Absolutely no further extensions shall be granted.**

2. If Petitioner fails to submit a response by December 20, 2021, then Respondent shall file a notice of case submission within 7 days thereafter informing the court that the merits of the petition are fully submitted for decision.

3. Respondent's Objection (filing 24) is granted.

4. The clerk's office is directed to set the following pro se case management deadline: **December 20, 2021**: check for Petitioner's brief in response to answer and brief.

Dated this 2nd day of December, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge